UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-20295-CR-BECERRA

UNITED STATES OF AMERICA,

vs.

BRAYAN TOCHON-LOPEZ, et al.

        Defendants.
_____/

**UNITED STATES' OMNIBUS RESPONSE TO**
**DEFENDANTS' OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT**

**COMES NOW** the United States of America, by and through the undersigned Assistant United States Attorney, and files its Omnibus Response to Defendants' Objections to the Presentence Investigation Report (PSI) [DE 191, 192, 193, 197, and 199] and states as follows:

**I.**     **Date of Interdiction**

The Defendants' vessel was interdicted by the United States Coast Guard on June 26, 2024. The Defendants were held in Coast Guard custody until their arrival to the Southern District of Florida on July 6, 2024, when they were arrested and custody of them was transferred to DEA agents. The United States has no objection to the PSI correctly reflecting the Defendants' interdiction on June 26, 2024, and their arrest on July 6. 2024. More importantly, the United States does not object to the Court providing the Defendants with custodial credit from June 26, 2024, the date of interdiction.

## II. Safety Valve

The United States hereby advises that all Defendants have satisfied the Safety Valve requirements, pursuant to Section 5C1.2(a) of the Sentencing Guidelines. Therefore, the United States has no objection to a two-level reduction as to all Defendants.

## III. No Objection to a Two-Level Minor Role Adjustment

The Defendants object to the failure of the PSI to award them a four-level minimal role adjustment. The Defendants argue that they were mere couriers and are deserving of a four-level reduction as they are among the "low" to "lowest" drug trafficking functions. Based on the unique circumstances of *this* case, coupled with the recent amendments to the Sentencing Guidelines under §2D1.1 and §3B1.2, the United States would not object to a two-level mitigating role reduction.

The United States Sentencing Commission promulgated a two-part amendment to address individuals with lower culpability who perform low-level functions in drug trafficking offenses. Part A of this amendment revised the mitigating role provisions in §2D1.1(a)(5) which set a base offense level cap of either level 32 or 30 depending on the role adjustment received. This also expanded the circumstances where the mitigating role adjustment is warranted and provides examples to assist the courts in determining the appropriate adjustment, if any. Section 2D1.1(c)(e) focus is on the individual's primarily function. In this case, we have the Defendants transporting hundred of kilograms of cocaine with a street value in the millions.

While the United States submits that, under the unique circumstances of *this* case, the Defendants should receive a two-level minor role adjustment, the United States would adamantly object to a four-level minimal role adjustment. The United States would remind the Court that these Defendants were transporting hundreds of kilograms of cocaine. This is not a situation where you have an individual guarding a drug stash house or delivering a small quantity of narcotics. These

Defendants are experienced fisherman who were specifically recruited based on their knowledge, skills and expertise in maritime.

IV. **Guideline Calculations**

The United States submits that based on the facts of this case and the arguments presented, all the Defendants guidelines calculations should be as follows:

| | | |
|---|---|---|
| Base Offense Level | **32**[1] | |
| Minor Role Adjustment | - 2[2] | |
| Safety Valve | - 2[3] | |
| Adjusted Offense Level | **28** | |
| Acceptance of Responsibility | - 3[4] | |
| Zero-Point Offender | - 2[5] | |
| Total Offense Level | **23** | (46-57 months) |

[THIS AREA INTENTIONALLY LEFT BLANK.]

---

[1] If a defendant receives a two-level role adjustment pursuant §3B1.2(b) and the Base Offense Level under §2D1.1 is greater than 34, the Base Offense Level is reduced to 32.
[2] Two-level minor role reduction pursuant to §§ 3B1.2(b) and 2D1.1E(2)(B)(1).
[3] Two-level reduction pursuant to §5C1.2, Safety Valve.
[4] Three-level reduction pursuant to §§3E1.1(a) and (b), Acceptance of Responsibility.
[5] Two-level reduction pursuant to §§4C1.1(a) and (b), Zero-Point Offender.

### V.  Conclusion

The United States would respectfully submit that, based on the facts of this case in where there was a chase, disabling fire, and jettisoning of the cocaine by the Defendants resulting in the recovery of only two-hundred-and-twenty-eight (228) kilograms of cocaine, a sentence at the higher end of the advisory guideline range is a reasonable sentence sufficient, but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence and protect the public from further crimes of the defendants.

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

/s/ *Yvonne Rodriguez-Schack*
YVONNE RODRIGUEZ-SCHACK
Assistant United States Attorney
Florida Bar No. 794686
99 Northeast 4th Street
Miami, Florida 33132-2111
305.961.9014
305.536.7213 Facsímile
Yvonne.Rodriguez-Schack@usdoj.gov

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed on 9th day of December, 2025, with the Clerk of the Court using CM/ECF. I further certify that the foregoing document is being served this day on counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ *Yvonne Rodriguez- Schack*
YVONNE RODRIGUEZ-SCHACK
Assistant United States Attorney